■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. PROCTOR, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered September 25, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the reliability of the confidential informant, upon whose information the search warrant was granted, was not sufficiently demonstrated in the warrant application. He argues, therefore, that the reliability prong of the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) was not satisfied and his motion to suppress the evidence acquired pursuant to that search warrant should have been granted. There are several factors that can be considered by courts in determining the reliability of an informant. In most cases, a combination of factors, considered together, lead the court to the conclusion that an informant is or is not worthy of belief *(see, People v Rodriguez,* 52 NY2d 483). In the instant case the informant who provided the information used to obtain the search warrant for the defendant's premises had been proven reliable. Although it was conceded that the information supplied by the informant in a previous case was already known to the detective who provided the affidavit upon which the warrant was based, the detective concluded that the informant was reliable when the information given was later confirmed. Additionally, the hearing court held a *Darden* hearing *(see, People v Darden,* 34 NY2d 177), in camera, with the confidential informant. The court found that the informant was the same person who had previously informed the police about the operation of a house where cocaine was sold in Poughkeepsie. Furthermore, as the hearing court found,

"the information given by the informant accurately corroborated the manner in which the \* \* \* house was operated." Therefore, "the information given by the informant was verified". The defendant's contention that one previous tip is insufficient to establish a track record is without merit. Applying a quantitative rather than a qualitative analysis of an informant's reliability places a burden on the police in using confidential informants not contemplated by the standard articulated by the Court of Appeals of "some minimum, reasonable showing that the informant was reliable" (People v Griminger, 71 NY2d 635, 639).

The defendant further contends that the warrant should have been voided and evidence seized pursuant thereto should have been suppressed. He alleges that the detective lied as to a material fact within his application so as to create probable cause. Where the credibility and accuracy of the allegations made by an affiant in a search warrant affidavit are challenged, the defendant must establish at a hearing, by a preponderance of the evidence, that the allegations were perjurious or made with a reckless disregard for the truth (see, Franks v Delaware, 438 US 154; People v Tambe, 71 NY2d 492, 504; People v Williams, 119 AD2d 606). We find the defendant has not sustained his burden.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.