■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO BOLANOS, Appellant.—Judgment of Supreme Court, New York County (Irving Lang, J., at hearing, trial and sentence), rendered on August 18, 1987, convicting defendant, after a jury trial, of murder in the second degree and manslaughter in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of from 21 years to life and 7½ to 15 years, respectively, unanimously affirmed.

On March 17, 1986, while Linda Familia and her husband Raphael Melo were opening their apartment door, defendant appeared from the hallway, displayed a gun and announced a robbery. Defendant pushed Melo and Familia into the apartment. After being told of Linda Familia's cries for help from a friend, Jose Perez went to the apartment. The second robber, Miguel Bieth, knocked on the apartment door warning defendant that someone was coming. When defendant opened the door he saw Perez standing in the hallway just outside the door and shot him in the chest, killing him.

On March 18, 1987, Miguel Cabrera contacted the police and related that defendant stated to him that he had to leave because the person he shot had died and that defendant asked Cabrera to retrieve a gun from defendant's van. Based on this information a search warrant for defendant's van and apartment was issued. A .38 caliber gun was recovered from the van.

The issue on appeal is the validity of the search warrant. When an application for a search warrant relies on informa-

tion provided by an informant it must meet the *Aguilar-Spinelli* two-prong test: it "must demonstrate to the issuing Magistrate (i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge". *(People v Griminger,* 71 NY2d 635, 639.) Defendant does not dispute the basis of informant's knowledge, only his reliability. In proving reliability, identified citizen informants "are to be treated differently from unnamed confidential paid informants". *(People v Cantre,* 95 AD2d 522, 526, *affd* 65 NY2d 790.) A citizen who provides the police with information does so without any expectation of a benefit. Miguel Cabrera was an identified citizen informant who provided information based on personal knowledge. He was present when defendant stated that he had to leave town because he had shot someone who later died; he was requested by defendant to retrieve a gun from defendant's van; he identified the van and told the police where it could be found. The motion court properly found that Cabrera was sufficiently reliable to support the issuance of a search warrant. Concur—Ross, J. P., Rosenberger, Ellerin and Wallach, JJ.