■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL WALTERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 29, 1989, as amended June 5, 1991, convicting her of criminal possession of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence seized pursuant to a search warrant.

Ordered that the judgment, as amended, is affirmed

On May 24, 1988, police officers, executing a search warrant based upon information supplied by a confidential informant, entered the defendant's apartment and recovered, among other things, eight and one-half ounces of cocaine. On appeal, the defendant contends, among other things, that the Aguilar-Spinelli test, concerning the reliability and the basis of knowledge of the confidential informant, was not sufficiently satisfied by the warrant application submitted by the police officer (see, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410).

With respect to the determination of whether or not an informant is reliable, the courts may consider a number of factors (see, People v Rodriguez, 52 NY2d 483). In the case at

bar, the informant was a registered police informant who had previously, on at least one other occasion, provided reliable information to the same officer who obtained the instant search warrant, resulting in a seizure of a large quantity of narcotics. The defendant's contention that this one prior tip is insufficient to establish reliability is without merit *(People v Proctor,* 155 AD2d 624, 625). "Applying a quantitative rather than a qualitative analysis of an informant's reliability places a burden on the police in using confidential informants not contemplated by the standard articulated by the Court of Appeals of 'some minimum, reasonable showing that the informant was reliable' " *(People v Proctor, supra,* at 625, quoting *People v Griminger,* 71 NY2d 635, 639).

We also reject defendant's contention that the search warrant affidavit fails to establish the basis of the informant's knowledge. Generally, an informant's personal observations are sufficient to establish a basis of knowledge *(see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398). Since the informant related that he "has observed a large amount of narcotics in this location," a common-sense interpretation of the language leads to the conclusion that the informant's knowledge was based upon personal observation *(see, Illinois v Gates,* 462 US 213; *People v Johnson,* 66 NY2d 398, *supra).* Therefore, we conclude that the search warrant application was sufficient to satisfy the *Aguilar-Spinelli* test and, accordingly, the court properly denied suppression of the evidence.

We find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.