OPINION OF THE COURT
Smith, J.
The issue here is whether an affidavit signed by a person only as "Confidential Informant” and without any determination as to that person’s reliability can establish the requisite probable cause for a search warrant. We conclude that it cannot.
Defendant was found guilty, after a jury trial in County Court, Schenectady County, of criminal possession of a controlled substance in the first degree in violation of Penal Law § 220.21 (1) and sentenced to 15 years to life in prison. This appeal grows out of the search of defendant’s apartment preceding her arrest.
The facts as found by the suppression court and the Appellate Division are as follows. On September 21, 1987, Schenectady Police Department Investigator Edward Galligan was notified by a confidential informant that she could purchase drugs from the defendant at 23 Brandywine Avenue in Sche *551 nectady. That location had allegedly previously been under investigation for drug activity. The informant agreed to go to the location to purchase drugs. Subsequently, the informant returned with seven grams of cocaine that the defendant had allegedly given to her. At the time she went to the location, the informant was not accompanied by the police and she had no money. Thus, the informant’s acquisition was not found to have been a “controlled buy.”
The application for the search warrant was supported by an affidavit by Investigator Galligan and two affidavits signed by "Confidential Informant.” Investigator Galligan’s affidavit described his meeting with an informant regarding cocaine and her alleged subsequent purchase of cocaine from defendant. However, the investigator’s affidavit failed to specify any situations in which information previously provided by the informant had either resulted in a conviction or been independently verified. One of the affidavits signed by “Confidential Informant” repeated the information in Investigator Galligan’s affidavit, the second described the drug activity at defendant’s home and indicated a time when the drugs would be there.
Prior to issuing the warrant, the Judge did not have the informant appear and did not question her. Upon execution of the warrant a quantity of a white powdery substance, later established as cocaine, was seized from defendant’s home.
In denying defendant’s motion to suppress the seized drugs, the court found (1) that the informant did exist because she appeared in that court and acknowledged the sworn statements, (2) that the Aguilar-Spinelli[1] test was satisfied because the informant was a direct participant in the transaction and her statements were sworn and against her penal interest, and (3) that a recorded telephone conversation between the informant and defendant corroborated the informant’s statements and, together with the sworn statements, provided reasonable cause to issue the search warrant.
The Appellate Division agreed with the conclusion of the suppression court, reasoning (1) that the police were aware of the identity and address of the informant and were capable of producing her to the issuing court, (2) that the facts alleged in the sworn statements provided sufficient probable cause, and (3) that the informant acknowledged the statements.
*552 We conclude that the probable cause necessary for the issuance of a search warrant is lacking where the application for the warrant is supported by the affidavit of a confidential informant who has not been questioned by the issuing court and whose reliability has not been established.
First, issuance of the warrant here violated article I, § 12 of the New York State Constitution[2] (see, People v Griminger, 71 NY2d 635). In Griminger, we held that, as a matter of State constitutional law, an application for a search warrant based upon information supplied by an undisclosed informant must show both the reliability of the informant and the basis of the informant’s knowledge (71 NY2d 635, 639, supra). Neither the affidavit signed by Investigator Galligan nor anything else submitted to the Judge who issued the warrant established the reliability of the informant. No basis for concluding that the informant was reliable can be found where the police officer’s affidavit articulates no verified history of success with this informant and the informant’s affidavits are signed merely "Confidential Informant.”
"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.”
Second, it was not sufficient for the police to conclude that the informant was reliable. It is the issuing Judge, not the police or applicant for the search warrant, who must be satisfied that there is a reasonable basis for the issuance of the warrant (see, People v Potwora, 48 NY2d 91). That Judge must also make the inquiry into the facts on which the application is based (id, at 95).
Accordingly, the order of the Appellate Division should be reversed, defendant’s motion to suppress granted, and the indictment dismissed.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410.

. The portion of article I, § 12 of the State Constitution that is pertinent to this case is identical to the Fourth Amendment of the Federal Constitution, and it reads: