■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [596 NYS2d 705] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered December 19, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

dents. [594 NYS2d 280] —Appeal by the People from an order of the Supreme Court, Queens County (Golia, J.), dated January 17, 1991, which, after a hearing, granted the defendants' respective motions to suppress physical evidence.

Ordered that the order is affirmed.

An undisclosed informant provided information to a New York City detective to the effect that during a 10-minute period he observed two drug transactions at a certain apartment in Queens. Another police officer informed the detective that this informant had previously provided information leading to three arrests and seizures of narcotics. The detective signed an affidavit containing this information and a search warrant was issued based on his affidavit. Six days later, the police executed the search warrant, found the defendants in the apartment with vials of crack cocaine, weapons, and cash, and arrested them.

The defendants moved to controvert the search warrant and to suppress the evidence seized as a result of the search. The motions were granted to the extent that they were granted a hearing on the matter. At the hearing, the People introduced the search warrant and the affidavit on which it was based, and one of the police officers who executed the warrant testified regarding execution of the search warrant. However, he had no knowledge concerning the underlying facts of the affidavit supporting the search warrant. After the hearing, the court granted the motion to suppress the evidence. We affirm.

It is well settled that when an application for a search warrant relies on information provided by an undisclosed informant, it must meet the *Aguilar-Spinelli* two-prong test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). It "must demonstrate to the issuing Magistrate (i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge" based on some minimum, reasonable showing *(People v Griminger,* 71 NY2d 635, 639). Although great deference is accorded to a Judge's determination that probable cause existed, and the application for the warrant must be read in a common sense and realistic manner *(see, People v Hanlon,* 36 NY2d 549, 559; *People v Bigelow,* 66 NY2d 417), courts "should not 'blithely accept as true the accusations of an informant unless some good reason for doing so has been established' *(People v Rodriguez* [52 NY2d 483,] 489)" *(People v Griminger, supra,* at 639).

In determining the reliability of an informant, a combination of factors is considered *(see, People v Rodriguez,* 52 NY2d

483, 489, *supra).* In the instant case, the only indicia of reliability was the representation to the investigating detective by another police officer that the informant had previously provided information "that led to three arrests and seizures of narcotics". There was no other information indicating that the informant was reliable. It is unclear from the supporting affidavit whether the "three arrests" resulted from a single incident or from two or three incidents or whether the previous arrests and seizures were legal or illegal. Therefore, we conclude that the court properly granted the defendants' respective motions to suppress the evidence *(see, People v Griminger, supra; People v Cassella,* 143 AD2d 192). Bracken, O'Brien and Santucci, JJ., concur.

Thompson, J. P., dissents, and votes to reverse the order appealed from, and to deny the defendants' motions, with the following memorandum: Contrary to the majority's determination, I would hold that the materials submitted in support of the search warrant established the reliability of the undisclosed informant pursuant to the *Aguilar-Spinelli* two-pronged test.

The record reveals, *inter alia,* that the supporting affidavit submitted by the detective stated that the informant had supplied "information * * * which has led to three arrests and three seizures of narcotics".

Although the majority—unjustifiably, in my view—suggests that the detective's affidavit is unclear as to whether the three arrests involved separate transactions, we have recently held that "[a]pplying a quantitative rather than a qualitative analysis of an informant's reliability places a burden on the police in using confidential informants not contemplated by the standard articulated by the Court of Appeals of 'some minimum reasonable showing that the informant was reliable' " *(People v Proctor,* 155 AD2d 624, 625, quoting *People v Griminger,* 71 NY2d 635, 639; *see also, People v Walters,* 187 AD2d 472). Moreover, in *People v Walters (supra)* we rejected the contention that a single prior tip was insufficient to prove the reliability of an informant *(see also, People v Proctor, supra).* Here, where the detective's affidavit stated that the informant provided accurate information leading to "three arrests and three seizures of narcotics", I would conclude that the People established the informant's reliability within the meaning of the *Aguilar-Spinelli* test *(see, People v Walters, supra; People v Proctor, supra; see also, People v Griminger, supra).*