■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN WHITT and KHARI WHITT, Appellants. [611 NYS2d 210] — Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Feldman, J.), both rendered April 26, 1993, convicting them of criminal possession of a controlled substance in the second degree and

criminal possession of a weapon in the third degree, upon their pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

On June 25, 1992, a police officer, executing a search warrant based upon information supplied by a confidential informant, entered the defendants' apartment and recovered approximately 1044 vials of crack cocaine weighing in excess of four ounces, as well as drug paraphernalia, a cross bow and arrow, a loaded handgun, and a loaded sawed-off shotgun. On appeal, the defendants contend that the *Aguilar-Spinelli* test concerning the reliability of the confidential informant was not sufficiently satisfied by the warrant application submitted by the police officer *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). We disagree.

With respect to the determination of whether or not an informant is reliable, the courts may consider a number of factors. As the Court of Appeals held in *People v Rodriguez* (52 NY2d 483, 489), "There is, of course, no one acid test of reliability. Over the years several factors have been considered by the courts to be adequate indicia of reliability. For example, an informant will be considered reliable if he has come forward with accurate information in the past" *(see also, People v Parris,* 83 NY2d 342). In the case at bar, the informant had previously provided reliable information to the police which had resulted in the issuance of a prior search warrant and information which had resulted, on a separate occasion, in the apprehension of five individuals and the recovery of two firearms.

The defendants' contention that an informant cannot be considered reliable unless the information the informant has previously provided has been independently verified or has led to a conviction is without merit. The defendants have misconstrued the Court of Appeals' holding in *People v Martinez* (80 NY2d 549), in which the Court simply stated that the reliability of an informant may be established by a police officer's affidavit which articulates a verified history of success with that informant. Here, the police officer's affidavit provided a verified history of success with the informant in question, enumerating the instances in which the informant had supplied reliable information in the past.

We therefore conclude that the search warrant application was sufficient to satisfy the *Aguilar-Spinelli* test and, accordingly, that the Supreme Court properly denied suppression of the evidence seized pursuant to the warrant. Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.