■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. ROSENHOLM, Appellant. [635 NYS2d 337] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 7, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

As a result of information obtained from a confidential informant, defendant's vehicle was stopped by police on November 26, 1993. A package containing slightly over one half of an ounce of cocaine and some packets of heroin were discovered on defendant's person, as the result of which defendant was indicted and charged with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. After defendant's motion to suppress the aforesaid evidence was denied, he pleaded guilty to criminal possession of a controlled substance in the fifth degree in satisfaction of the indictment

and was sentenced to an indeterminate term of imprisonment of 2 to 4 years. Defendant now appeals.

Because the probable cause for the search of defendant was based upon information received from a confidential informant, the People had to establish the informant's reliability and his basis of knowledge (*see, People v Griminger,* 71 NY2d 635, 639). The record reflects ample evidence to satisfy the first prong of that test and, indeed, defendant does not argue otherwise. Rather, defendant claims that the People failed to satisfy the second prong of the test, a contention with which we agree.

The record reveals that the informant advised the police that Douglas Bigler was going to pick up defendant at the Poughkeepsie train station and that defendant would be in possession of cocaine. The informant's basis of knowledge was what Bigler had told him. Thus, although the record reflects the informant's basis of knowledge, it does not, in any way, demonstrate Bigler's basis of knowledge, and it is clear that while probable cause may be based upon double hearsay, when that occurs the basis of knowledge of both levels of hearsay must be established (*see, People v Simon,* 107 AD2d 196, 198; *People v Restrepo,* 87 AD2d 320, 323-324; 1 LaFave, Search and Seizure § 3.3[d], at 667 [2d ed]). Indeed, as has been pointed out by the Court of Appeals, "the basis of knowledge test is * * * intended to weed out, as not of sufficient quality, data received by the informant from others who have not themselves observed facts suggestive of criminal activity" (*People v Elwell,* 50 NY2d 231, 237). Because there is nothing in the record to establish the reliability of the information provided by Bigler to the informant, we conclude that County Court erred in denying defendant's motion to suppress.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.