■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TYRELL, Appellant. [670 NYS2d 60] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered April 8, 1996, convicting defendant upon his plea of guilty of the crime of possession of a controlled substance in the third degree.

An October 1995 search of defendant's residence pursuant to a search warrant produced 10.70 grams of cocaine, marihuana plants, drug paraphernalia and $883 in cash. Following denial of his suppression motion by County Court (Eidens, J.), defendant pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of an indictment charging that crime, in addition to criminal possession of a controlled substance in the fourth degree and criminal use of drug paraphernalia in the second degree. Having reserved the right to challenge the sufficiency of the search warrant, defendant appeals.

Defendant claims that the search warrant application to search his residence failed to satisfy the two-pronged *Aguilar-Spinelli* test (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108). Even taking into consideration the hearsay information contained in the confidential informant's affidavit, we conclude that a sufficient factual demonstration concerning his reliability and basis of knowledge was made to the issuing Judge (*see, People v Parris*, 83 NY2d 342; *People v Griminger*, 71 NY2d 635); accordingly, we reject defendant's argument and affirm.

A number of factors may be considered in determining the reliability of a confidential informant, including whether the informant has provided accurate information to law enforcement agents in the past (*see, People v Rodriguez*, 52 NY2d 483, 489). Contrary to defendant's contentions, there is no per se requirement that such information must have led to a conviction or have been independently verified in order for the informant to be considered reliable (*see, People v Whitt*, 203 AD2d 606, *lvs denied* 84 NY2d 834). In this case, Federal Bureau of Investigation Special Agent Michael Clancy submitted an affidavit in support of the search warrant in which he averred that the informant had previously provided reliable information to the Federal Bureau of Investigation and Drug Enforcement Administration regarding narcotics and organized crime investigations. Clancy further averred that information provided by the informant was used to obtain Federal arrest warrants in a narcotics investigation and was also used during the course of a Federal trial regarding the importation and sale of heroin. Thus, unlike the facts presented in *People v Martinez* (80 NY2d 549), a case upon which defendant heavily relies, the reliability of the informant was sufficiently demonstrated.

Information showing that defendant possessed drugs was based in part on the informant's first-hand observation of crim-

inal activity at defendant's residence (*see, People v Bigelow*, 66 NY2d 417, 423; *cf., People v Rosenholm*, 222 AD2d 909, *lv denied* 88 NY2d 884). Specifically, on the same day he completed his supporting affidavit, the informant observed defendant provide his friend cocaine while the threesome were inside defendant's residence. We are satisfied that this personal observation provided a sufficient basis for his knowledge. We therefore conclude that the search warrant application was sufficient to satisfy the *Aguilar-Spinelli* test and, accordingly, County Court properly denied suppression of the evidence seized pursuant to the warrant.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.