■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NOEL CALISE, Respondent. [682 NYS2d 149] —Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered August 28, 1997, which granted defendant's motion to suppress physical evidence seized from his apartment pursuant to a search warrant, unanimously reversed, on the law, the motion to suppress denied, and the matter remanded for further proceedings.

Defendant was arrested after the police executed a search warrant at his apartment and recovered three guns with ammunition, numerous burglar's tools, seven different motor vehicle identification (VIN) numbers and a bag of marihuana. The search warrant was issued the previous day by a Criminal Court Judge in Bronx County based on an application by Police Officer McAteer. McAteer's search warrant application was supported by his own affidavit, which detailed the information received from an informant concerning the presence of contraband in defendant's apartment, and included the officer's statement that the informant had provided true and accurate information in the past. McAteer was briefly examined under oath by the issuing court, during which he confirmed that the informant had provided reliable information on several occasions in the past. The informant was not present before the court.

Defendant moved to controvert the search warrant.* After reviewing the unredacted copy of the search warrant application and the transcribed minutes of the issuing court's examination of McAteer, and considering the parties' arguments, the court granted the motion to suppress. The court found that the People had not demonstrated probable cause for the issuance of the warrant because the reliability of the undisclosed informant had not been established.

New York applies the *Aguilar-Spinelli* "two prong" test for determining whether hearsay information provided by an undisclosed informant is sufficient to provide probable cause for the issuance of search warrant (*People v Griminger*, 71 NY2d

---

* The People refused to disclose the informant's identity on confidentiality grounds, and the suppression court, after a hearing pursuant to *People v Castillo* (80 NY2d 578, *cert denied* 507 US 1033), upheld the People's asserted basis for nondisclosure. Additionally, the copies of the search warrant application provided to defendant were redacted.

635, 639; *see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108). Under that test, the applicant must demonstrate (1) the veracity or reliability of the source of the information, and (2) the basis of the informant's knowledge (*see, People v Griminger, supra*, at 639; *People v Bigelow*, 66 NY2d 417; *People v Hanlon*, 36 NY2d 549). This test provides reasonable assurances that probable cause determinations are based on "information derived from a credible source with firsthand information" (*People v Griminger, supra*, at 639).

Nevertheless, the Court of Appeals has recognized that search warrants are often drafted by law enforcement officers under stressful or volatile situations, and therefore "should not be read in a hypertechnical manner" (*People v Hanlon, supra*, at 559). Rather, they "must be considered in the clear light of everyday experience and accorded all reasonable inferences" (*supra*, at 559). Moreover, "a presumption of validity" attaches to a search warrant because the information supporting it has already been judicially reviewed and approved (*People v Castillo*, 80 NY2d 578, 585, *supra*; *People v Hanlon, supra*, at 558; *People v Traymore*, 241 AD2d 226, *lv denied* 92 NY2d 907; *People v Ortiz*, 234 AD2d 74, *lv denied sub nom. People v Cortijo*, 89 NY2d 941).

The sole issue presented is whether the suppression court properly determined that the reliability prong of the *Aguilar-Spinelli* test had not been established. Generally, reliability may be shown either by demonstrating the general trustworthiness of the informant, or, alternatively, by showing that the specific information is credible (*see, People v DiFalco*, 80 NY2d 693, 696-697; *People v Johnson*, 66 NY2d 398, 403). Courts have relied on several factors in determining whether the reliability prong has been established, such as whether the informant has supplied accurate information to the police in the past, whether the informant's statements were made under oath, whether the informant made an admission against his penal interest, or whether the details of the informant's story have been corroborated by the police (*see generally, People v Johnson, supra*; *People v Rodriguez*, 150 AD2d 622, *lv denied* 74 NY2d 818).

In the present case, the informant's reliability was established by several of the above factors. First, the redacted warrant application included McAteer's sworn statement that "the confidential informant is known to me to be reliable because he has provided me with information in the past which has proved to be true * * * [and] the information provided * * * has resulted in at at [*sic*] least eight arrests." The unredacted ver-

sion of the application provided the county where the arrests were made, and the specific crimes. Additionally, the officer confirmed under oath that the informant had previously provided reliable information "on several occasions." Read together, these representations were more than sufficient to establish the informant's " 'track record' " of providing accurate information (*People v Johnson, supra*, at 403; *People v Sharpe*, 157 AD2d 808; *People v Rodriguez, supra*).

We reject the suppression court's determination that these representations lacked sufficient specificity because no details were provided as to the legality of the arrests, whether evidence was seized and whether prosecutions resulted from them (*see, People v Whitt*, 203 AD2d 606, *lv denied* 84 NY2d 834). All that is required is a sworn statement by the applicant regarding a "verified history of success with this informant" (*People v Martinez*, 80 NY2d 549, 552; *People v Whitt, supra*), and that is exactly what occurred here. Unlike *People v Williams* (191 AD2d 473), relied on by defendant, McAteer gave first-hand information regarding the informant's past record, not hearsay reports from other officers. Indeed, the court's finding that Mc-·Ateer simply gave his "opinion" on this matter, under oath, is perplexing. In short, the informant's track record alone provided a sufficient basis for the issuing court's determination of reliability.

There are other factors demonstrating the informant's reliability. McAteer stated in the unredacted warrant application that the informant told him that the informant had participated in the commission of several crimes with defendant. The suppression court found that these statements were not declarations against the informant's penal interest, also because they lacked specificity. While it is true that vague assertions of prior criminal conduct may not suffice to establish reliability (*see, People v Burks*, 134 AD2d 604; *see generally, People v Johnson, supra*, at 403-404), here the informant admitted to participation in multiple criminal acts of the same variety for which defendant was then under investigation (*People v Gilliard*, 171 AD2d 531, *lv denied* 77 NY2d 995). A fair reading of the warrant indicates that the informant's criminal activity was recent and ongoing, and it is unlikely that an individual in the informant's position would lightly mislead the police (*see, People v Comforto*, 62 NY2d 725, 727; *People v Rodriguez*, 52 NY2d 483, 490). We believe that these statements constituted declarations against penal interest that may be considered on the issue of the informant's reliability (*see, People v Hanlon, supra*, at 557-558).

There was also corroboration by the police of some of the information imparted by the informant (see, People v DiFalco, supra, at 698). The police confirmed that defendant had a criminal history relating to the type of criminal activity described by the informant, and that a specific crime had in fact occurred that corresponded to information provided by the informant concerning that crime.

Since, collectively, the informant's past track record of providing accurate information, his declarations against penal interest and the information corroborated by the police overwhelmingly established the informant's reliability, the court's determination that the reliability prong of the Aguilar-Spinelli test had not been established was error. Accordingly, probable cause existed for issuance of the warrant and the motion to suppress should have been denied. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.

