■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELADIO MORA RIVERA, Appellant. [724 NYS2d 725] —Judgment,

Supreme Court, New York County (Felice Shea, J., on suppression and speedy trial motions; Bernard Fried, J., at plea and sentence), rendered April 20, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of from $4\frac{1}{2}$ to 9 years imprisonment, unanimously reversed, on the law, that part of defendant's pre-trial omnibus motion which sought to controvert the search warrant and to suppress contraband found in the apartment in which he was arrested granted, defendant's conviction and guilty plea vacated, and the matter remanded for further proceedings.

On March 8, 1991, members of the Manhattan North Narcotics Division executed a search warrant on a first floor apartment at 246 Manhattan Avenue. The warrant was issued upon an application supported by the sworn affidavit of Detective Angel Rosario, who stated that he had spoken with a confidential informant, who told him that he had been present at the subject apartment on at least four occasions, at which times he had seen drugs and drug paraphernalia. The informant also told him that he had witnessed drug sales in the apartment. Detective Rosario provided the issuing court with the confidential informant's Police Department registration number and informed it that the informant was available for the court's examination. However, the issuing court, after examining the detective's affidavit, found probable cause and signed the warrant without speaking to the informant.

At the time of the search, the police found defendant and one Huaskar Medina in the apartment, from which the police recovered two ounces of cocaine, a loaded gun, tin foil, a calculator and strainers. Medina had a key to an adjacent apartment where four ounces of cocaine, a triple-beam scale, baggies and tin foil were recovered. Defendant and Medina were thereafter indicted for the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree and criminally using drug paraphernalia in the second degree.

As part of his pretrial omnibus motion, defendant sought suppression of the physical evidence found in the apartment on the ground that the affidavit in support of the search warrant application was insufficient to permit a finding of probable cause to issue the warrant in light of the fact that it failed to provide a basis for concluding that the confidential informant was reliable. In denying defendant's motion without a hearing,

the suppression court, after examining the warrant and the detective's affidavit, found that "[the affidavit] was not perjurious on its face, the information contained in it is not stale and the affidavit demonstrates that there was probable cause to believe contraband would be found in the subject apartment."

In determining the sufficiency of an affidavit in support of a search warrant application, New York courts apply the *Aguilar-Spinelli* "two prong" test in evaluating hearsay information from an undisclosed informant (*People v Griminger*, 71 NY2d 635, 639; *see*, *Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410).

Defendant concedes that the warrant application satisfied the first prong of the test requiring a sound basis for concluding that criminal activity was occurring at the apartment since the informant claimed to have personally witnessed drugs and drug transactions taking place there. However, defendant contends the People failed to satisfy the second, reliability, prong of the test since there was no basis for concluding that the informant was reliable. For example, the officer never alleged that the informant had provided the police with accurate information in the past; nor was he described as a confidential source of known reliability; nor did he make any statements against his penal interest (*see*, *People v Calise*, 256 AD2d 64, 65, *lv denied* 93 NY2d 851).

The People, relying on *People v Brown* (40 NY2d 183), maintain that reliability can be established even in the absence of the traditional indices. However, *People v Brown* is inapposite and distinguishable on its facts. In *Brown*, a police officer orally applied for a warrant to search an apartment on Jackson Avenue in the Bronx. In support of his application, the officer, after being sworn, stated that a registered police informant had told him that he had seen drugs and handguns in the apartment on two different occasions. The officer supplied the court with the informant's registration number and produced the informant, who spoke to the judge off the record. After stating: "I have heard the informer and after * * * hearing the officer the information tallies and I consider that he's reliable," the court then issued the search warrant.

In affirming the denial of defendant's motion to controvert the warrant, the Court of Appeals held that there was a substantial basis for the court's finding that the informant was reliable despite the failure to allege that he had furnished reliable information in the past, or that he was a fellow law enforcement officer, or that the informant's statement was made under oath or was against his penal interest, since the

judge was able to assess the informant's credibility after examining him during his personal appearance. The Court of Appeals noted that any false statements the informant made to the court could subject him to possible criminal sanctions. Where, as here, "the source of the information is not before the court, the court must rely on the police applicant to supply sufficient facts about the informant so that the court can determine whether his information should be credited" (*People v Brown, supra*, at 187).

The People concede that the police failed to supply sufficient facts about the informant's reliability (*cf., People v Calise, supra*), only presenting the court with his availability. Mere availability, however, is insufficient (*cf., People v Brown, supra*, at 187). Here, although the officer provided the court with the informant's Police Department registration number and indicated that he was present and available for the court's inspection, the court issued the warrant without ever meeting or speaking to the informant. In those circumstances, it, therefore, had no basis to assess his credibility or reliability.

Finally, the People maintain that the question surrounding the reliability of the informant has not been preserved for appellate review because the reviewing court failed to address the issue in its decision and the defendant then failed to alert the court that it had omitted to specifically address such claim. However, as noted above, the motion court specifically found that "the affidavit demonstrated that there was probable cause to believe that contraband would be found in the subject apartment." Since defendant's motion raised the failure of the affidavit to establish the informant's reliability, such finding of probable cause necessarily encompassed a finding that the informant was reliable (*see, People v Griminger, supra*). Thus, the issue has been preserved for appellate review.

We have considered defendant's speedy trial claim and find it to be without merit. Concur—Rosenberger, J. P., Williams, Mazzarelli, Andrias and Rubin, JJ.