■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PEREZ, Appellant. [755 NYS2d 23] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered June 1, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The hearing court properly concluded that the People sufficiently established both the reliability of the confidential informant and the basis of his knowledge, thus establishing probable cause for defendant's arrest (*see Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108; *People v Rodriguez*, 52 NY2d 483).

The informant provided detailed information about defend-

ant's pattern of drug activity and about the events surrounding a specific transaction in which defendant purchased a kilogram of cocaine. It was clear that the informant was in a position to know that defendant had just made such a purchase, even if the informant did not observe the actual transaction.

The informant's basis of knowledge was verified by police investigation that corroborated the informant's detailed observations and predictions of defendant's criminal activity. Defendant matched the specific description provided by the informant; left the location at the time that the informant predicted; behaved in a furtive manner as he frequently looked over his shoulder behind him; and carried an object in his waistband that the police recognized as having the size and shape of a one-kilogram package of cocaine, which was the very same quantity of cocaine described by the informant (*see People v Bigelow*, 66 NY2d 417).

Moreover, when the arresting detective identified himself as a police officer and directed defendant to stop and take his hands away from his waist, defendant disregarded that instruction and immediately fled (*see People v Sierra*, 83 NY2d 928). Accordingly, defendant's act of throwing the package of cocaine as he was running from the arresting officer constituted a purposeful abandonment that was not precipitated by any unlawful police activity, and the police were entitled to recover the cocaine and arrest defendant for its possession (*see People v Ramirez-Portoreal*, 88 NY2d 99, 110).

The court properly determined that the informant was unavailable for a *Darden* hearing (*People v Darden*, 34 NY2d 177) in view of the detective's diligent, good faith efforts to locate him. In any event, no *Darden* hearing was necessary since no issue had been raised with respect to the informant's identity or existence, and, as found by the court, his existence was sufficiently established through extrinsic evidence (*see People v Edwards*, 95 NY2d 486).

Defendant did not assert a sufficient factual basis to justify disclosure of the identity of the informant at trial. Defendant's guilt was clearly established by police testimony and the additional information provided by the informant was marginal (*People v Pena*, 37 NY2d 642; *People v Goggins*, 34 NY2d 163). Accordingly, the nondisclosure of the informant's identity did not deprive defendant of a fair trial.

Nothing in the evidence adduced at trial violated defendant's right of confrontation. The court properly permitted the officers to testify to the description of the person that they were looking for as he emerged from the building, since this brief and

limited background information was necessary to explain the actions of the police in pursuing defendant (*see United States v Reyes*, 18 F3d 65, 70-71). A detective's testimony that he had been advised that defendant had a kilogram of cocaine on his person could not have caused any prejudice to defendant since the court promptly struck the testimony and issued curative instructions, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102). Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Lerner, JJ.