■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIRSO SALCEDO, Appellant. [765 NYS2d 499] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 23, 1998, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed. Judgment, same court (William Wetzel, J.), rendered February 23, 2000, convicting defendant, after a jury trial, of three counts of criminal possession of a

controlled substance in the first degree, and sentencing him to a term of 20 years to life, consecutive to two concurrent terms of 20 years to life, and concurrent with the previously imposed sentence, unanimously affirmed.

Defendant's motion to suppress evidence acquired from eavesdropping was properly denied. The application established the informants' reliability as well as the basis of their knowledge (*see People v Griminger*, 71 NY2d 635, 639 [1988]). The information provided by the informants was based upon conversations with defendant and his associates and upon personal observations. In addition, the informants provided detailed information with regard to defendant's narcotics shipments that confirmed that they had personal knowledge (*see People v Perez*, 301 AD2d 434, 435 [2003], *lv denied* 99 NY2d 657 [2003]; *People v Giraldo*, 270 AD2d 97 [2000], *lv denied* 95 NY2d 934 [2000]; *see also People v Rodriguez*, 52 NY2d 483, 493 [1981]). Two informants had histories of providing accurate information to law enforcement (*see People v Calise*, 256 AD2d 64, 65-66 [1998], *lv denied* 93 NY2d 851 [1999]), and the information provided by the third informant was corroborated by the two other informants thereby establishing his reliability (*see People v DiFalco*, 80 NY2d 693, 699 [1993]; *People v Elwell*, 50 NY2d 231, 236-237 [1980]). Additionally, the information provided by all three informants was corroborated by independent police investigation (*see People v Calise, supra*).

All of the other prerequisites for issuance of an eavesdropping warrant were satisfied. Analysis of the pattern of calls, together with the information provided by the informants, provided probable cause to believe that the targeted phones and beeper were used in furtherance of defendant's narcotics business (*see People v Truver*, 244 AD2d 990, 991 [1997]; *People v Ianniello*, 156 AD2d 469, 470 [1989], *lv denied* 75 NY2d 920 [1990]).The application sufficiently demonstrated that normal investigative procedures were inadequate (*see People v Acevedo*, 261 AD2d 308 [1999], *lv denied* 94 NY2d 819 [1999]; *People v Baris*, 116 AD2d 174, 187-188 [1986], *lv denied* 67 NY2d 1050 [1986]; *People v Gallina*, 95 AD2d 336 [1983], *lv denied* 61 NY2d 674 [1983]).

The court followed proper procedures with respect to a sealed supplemental affidavit, and defendant was not entitled to disclosure (*see People v Castillo*, 80 NY2d 578 [1992], *cert denied* 507 US 1033 [1993]; *People v Liberatore*, 79 NY2d 208 [1992]). There was no violation of defendant's right to an adversarial proceeding (*compare Alderman v United States*, 394 US 165, 182-183 [1969]).

The court properly denied defendant's speedy trial motion. With the exception of the three-day period from June 27 to June 30, 1997, which the People now concede to be includable, the record supports the court's various findings as to excludability. Accordingly, we find that the People are chargeable with only 86 days of includable time.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Saxe, J.P., Sullivan, Williams, Lerner and Friedman, JJ.