■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MUNFORD, Appellant. [853 NYS2d 546]—

The hearing court properly denied defendant's motion to suppress lineup identifications and other evidence as fruit of an allegedly unlawful arrest. The police lawfully arrested defendant for the jewelry store robbery that is one of the two robberies at issue on appeal, based on information supplied by a confidential informant. This information satisfied both prongs of the *Aguilar/Spinelli* test (*Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]).

The reliability of the information was established "by corroboration through independent verification of sufficient details of that information" (*People v DiFalco*, 80 NY2d 693, 697 [1993]; *see also People v Calise*, 256 AD2d 64, 67 [1998], *lv denied* 93 NY2d 851 [1999]). The informant knew specific details about the crime that matched facts known to the police, such as the fact that the robbers took a pistol away from a security guard. Besides naming defendant, the informant named other perpetrators, and one of these names corresponded to a name supplied by an anonymous informant, who claimed this other suspect showed him the proceeds of the jewelry store robbery and admitted his guilt. Moreover, the police knew that defendant and this other suspect had previously been arrested together for a jewelry store robbery. In addition, a detective testified that defendant resembled a person depicted in a videotape of the robbery.

The People also established the confidential informant's basis of knowledge since, as noted, his statements were verified by independent police investigation (*see People v Perez*, 301 AD2d 434, 435 [2003], *lv denied* 99 NY2d 657 [2003]). Moreover, the confidential informant's statement that he held the pistol that had been taken in the robbery indicates that he had "intimate knowledge of the criminal enterprise" (*People v DiFalco*, 80 NY2d at 698).

The hearing court properly exercised its discretion when it refused to review the videotape about which the detective testi-

fied, since there was an adequate record to support a finding of probable cause (*see People v Clarkson*, 292 AD2d 207 [2002]; *People v Sioba*, 187 AD2d 317 [1992], *lv denied* 81 NY2d 893 [1993]). The court accorded defendant ample scope of cross-examination at the hearing. It properly precluded inquiries that would have unnecessarily jeopardized the informant, and neither these restrictions, nor any of the court's other limitations of cross-examination, caused defendant any prejudice.

Although defendant's right of confrontation was violated when the trial court permitted the People to establish that a nontestifying codefendant had previously been convicted of the jewelry store robbery (*see Crawford v Washington*, 541 US 36 [2004]; *Kirby v United States*, 174 US 47 [1899]), the error was harmless, even under the standard for constitutional error (*see People v Crimmins*, 36 NY2d 230, 241 [1975]). The evidence did not implicate defendant, and did not significantly strengthen the People's overwhelming case, which included strong identification testimony and extensive circumstantial evidence.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Nardelli and Sweeny, JJ.