People v Mercado (2025 NY Slip Op 05104)

People v Mercado

2025 NY Slip Op 05104

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-07344
 (Ind. No. 70806/23)

[*1]The People of the State of New York, appellant,
v
Devin Mercado, respondent.
The People, etc., appellant,
v Pia St. Lawrence, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Julien Gutierrez of counsel), for appellant.
Twyla Carter, New York, NY (Katherine M. A. Pecore of counsel), for respondent Pia St. Lawrence.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (David J. Kirschner, J.), dated July 3, 2023. The order, insofar as appealed from, in effect, granted those branches of the defendants' separate omnibus motions which were to suppress physical evidence.
ORDERED that the order is affirmed insofar as appealed from.
The defendants were indicted, inter alia, for criminal possession of a firearm. In separate omnibus motions, the defendants moved, among other things, to suppress physical evidence. In an order dated July 3, 2023, the Supreme Court, inter alia, in effect, granted those branches of the defendants' separate omnibus motions. The People appeal.
Contrary to the People's contention, the Supreme Court properly applied state law rather than federal law in determining the proper timing of an execution of a federal search warrant. Notwithstanding that a "warrant was issued by a Federal Magistrate and executed by Federal agents," a defendant charged with crimes under the Penal Law will be "afforded the benefit of our State's search and seizure protections" (People v Griminger, 71 NY2d 635, 641). Here, the federal search warrant was executed 11 days after its issuance by a federal magistrate. Although federal law permits a search warrant to be executed within 14 days of issuance (see Fed Rules Crim Pro rule 41[e][2][A][i]), CPL 690.30(1) requires that a search warrant be executed within 10 days of its issuance (see People v Jacobowitz, 89 AD2d 625; see also People v Kiah, 156 AD3d 1054, 1058). Allowing the evidence recovered from the execution of that warrant to be used against the defendants in violation of CPL 690.30(1) would deny them the benefit of New York's search and seizure protections (see People v Griminger, 71 NY2d at 641). Accordingly, the court properly suppressed the physical evidence recovered (see People v Jacobowitz, 89 AD2d 625; see also People v Kiah, 156 AD3d at 1058).
In light of the foregoing, the parties' remaining contentions need not be considered.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court