People v Vega (2026 NY Slip Op 00986)

People v Vega

2026 NY Slip Op 00986

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Ind No. 73404/23|Appeal No. 5889|Case No. 2024-05035|

[*1]The People of the State of New York, Respondent,
vManuel Vega, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Matthew Grieco, J., at search warrant application; Ralph A. Fabrizio, J., on motion to controvert the search warrant and at plea and sentencing), rendered July 26, 2024, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a five-year term of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay $375 in surcharge and fees as a condition of probation, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his suppression and excessive sentence claims (see People v Bawa, 234 AD3d 601 [1st Dept 2025], lv denied 43 NY3d 943 [2025]). As alternative holdings, our in camera review of the warrant and underlying materials demonstrates that the warrant was supported by probable cause (see People v Griminger, 71 NY2d 635, 639 [1988]; see also Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]), adequately described the premises and property to be seized, and was not premised on stale information.
We perceive no basis for reducing defendant's sentence.
Defendant's challenges to specific conditions of his probation as not reasonably related to his rehabilitation under Penal Law § 60.35(1) survive his voluntary waiver of the right to appeal, and does not require preservation, because "th[e] issue implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). However, the court providently imposed condition 7, which tracked the language of Penal Law § 65.10(2)(a),(b), and required that defendant "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people," given that when the police searched defendant's apartment, they recovered a loaded gun, 18 rounds of ammunition, more than half an ounce of crack cocaine, a holster, and a ballistic vest.
Defendant's facial challenge to Penal Law § 65.10(2)(a), (b) survives a valid waiver (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528 *2 [2025], however, defendant's claim is unpreserved (see id. at *3) and we decline to reach it in the interest of justice. In any event, we reject it on the merits.
Defendant was injured and consequently is unable to find employment. The imposition of the mandatory surcharge, crime victim's and DNA fees, as a condition of defendant's probation will not assist in ensuring he leads a law-abiding life and is not reasonably related to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note the People do not oppose this relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026