■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR ACEVEDO, Also Known as MEMIN, Appellant. [692 NYS2d 11] —Judgment, Supreme Court, New York County (Felice Shea, J., on suppression motion; Edwin Torres, J., at plea and sentence), rendered May 14, 1996, convicting defendant of two counts of criminal possession of a controlled substance in the first degree, one count of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to three concurrent terms of 15 years to life concurrent with a term of 8¹/₃ to 25 years, unanimously modified, on the law, to the extent of vacating the conviction of criminal possession of a controlled substance in the first degree under the third count of the indictment, and otherwise affirmed.

Defendant's motion to suppress evidence acquired from eavesdropping was properly denied. The application for the eavesdropping warrant made the type of particularized showing of necessity required by CPL 700.15 (4). The affidavits submitted in support of the original warrant depicted a highly sophisticated drug trafficking and money laundering operation about which the investigators had learned significant but limited information using other investigative procedures. The informants the investigators had used could not infiltrate the organization and physical surveillance would not secure the

evidence necessary to identify and convict all the conspirators and seize the drugs and proceeds (*see, People v Baris*, 116 AD2d 174, 187-188, *lv denied* 67 NY2d 1050).

As the People correctly concede, the third count of the indictment did not apply to this defendant, but only to his codefendants. Accordingly, defendant's plea and sentence under that count are vacated. Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.