■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMAS, Appellant. [697 NYS2d 1] —Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression hearing; Joan Sudolnik, J., at plea and sentence), rendered November 3, 1997, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing

him, as a second felony offender, to a term of 8 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the court's finding of probable cause to stop and search the vehicle in which defendant was a passenger and to search his knapsack. The court properly found that the drug runner who provided the police confidential informant with information was both reliable and had a basis of knowledge for such information. The drug runner's basis of knowledge was established by personal observation of criminal activity, in that it could be reasonably inferred that the runner was a participant in the crime. The drug runner's reliability was established by the fact that the statements the runner made to the confidential informant were against the runner's penal interest in that the runner implicated himself in the crime by revealing that his drug organization was in the process of selling a large quantity of drugs. Contrary to defendant's argument, a statement may qualify as a declaration against penal interest even when made to a friend, trusted by the declarant not to reveal it to the police (*see, People v James*, 93 NY2d 620, 643). Moreover, the police independently corroborated many details of the information provided.

The record also supports the court's alternative holding that the police at least had reasonable suspicion upon which to stop the vehicle, and that, in the course of lawfully removing defendant from the vehicle, the police saw, in plain view, what immediately appeared to be a package of drugs (*see, People v Batista*, 261 AD2d 218). Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.