■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS GIRALDO, Appellant. [705 NYS2d 334] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 24, 1995, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of 8$\frac{1}{3}$ to 25 years, unanimously affirmed.

Defendant's motion to suppress evidence acquired from eavesdropping was properly denied. We conclude that there was ample probable cause for the issuance of the warrant in question. The telephones and beeper of a senior manager of a major drug operation were targeted on the basis of information provided to a confidential informant, whose own reliability is not at issue, by two high-ranking members of the conspiracy. The declarations of the conspirators were highly reliable because they constituted declarations against penal interest (People v Thomas, 264 AD2d 691) as well as statements made in the course of, and in furtherance of, the conspiracy (see, People v Salko, 47 NY2d 230, 237-238). The inference was inescapable that the two drug traffickers spoke from personal knowledge of the involvement of the targeted senior manager, given the relative positions of the respective members of the conspiracy and the extensive detail provided (see, People v Rodriguez, 52 NY2d 483, 493). Moreover, police analysis of telephone and beeper records provided ample corroborating evidence that these devices were being used for drug trafficking (see, People v Tambe, 71 NY2d 492, 501).

The eavesdropping warrant applications made the type of

particularized showing of necessity required by CPL 700.15 (4). The affidavits submitted in support of the original warrant depicted a highly sophisticated drug trafficking operation about which the investigators had learned significant but limited information using other investigative procedures. The informants the investigators had used could not infiltrate the organization and physical surveillance would not secure the evidence necessary to identify and convict all the conspirators and seize the drugs and proceeds (see, People v Baris, 116 AD2d 174, 187-188, lv denied 67 NY2d 1050).

The court properly declined to direct the People to produce a computer diskette upon which a People's witness had saved a report, because defendant had been provided with the identical information (and not merely a duplicative equivalent) in printed, and therefore readable, form. The court correctly held that by providing a hard copy printed from the corresponding file, the People had satisfied their obligation pursuant to People v Rosario (9 NY2d 286, cert denied 368 US 866). Defendant's present contention that disclosure of the diskette was required so that he could attempt to retrieve any hypothetical prior versions of the report or deleted material, possibly through the use of file-recovery software, is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. We need not decide under what circumstances, if any, disclosure of computer storage media might be required notwithstanding disclosure of printed documents (cf., Fennell v First Step Designs, 83 F3d 526; see also, United States v Davey, 543 F2d 996). On the present record, including the witness's testimony on the subject, we find no basis, other than speculation, to suspect that analysis of the diskette might have revealed prior versions or deleted material. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.