■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CASTILLO, Appellant. [996 NYS2d 276]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered August 24, 2011, as amended January 10, 2012, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

Defendant's motion to suppress evidence acquired as a result of eavesdropping was properly denied. The eavesdropping warrant applications made the type of particularized showing of necessity required by CPL 700.15 (4). The affidavits submitted in support of the original and subsequent warrants detailed the investigators' use of noneavesdropping techniques that had provided significant but limited information. The affidavits explained, in detail, why these techniques had been successful only up to a point, and why continued use of the same methods would have little chance of yielding the necessary evidence (*see People v Rabb*, 16 NY3d 145 [2011]; *People v Giraldo*, 270 AD2d 97, 98 [1st Dept 2000], *lv denied* 95 NY2d 934 [2000]; *People v Acevedo*, 261 AD2d 308 [1st Dept 1999], *lv denied* 94 AD2d 819 [1999]).

This Court has conducted an in camera review of the minutes of the hearing conducted pursuant to *People v Darden* (34 NY2d 177 [1974]). After reviewing those minutes, we find no basis for suppression of evidence or for the unsealing of the minutes. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.