People v Ndaula (2018 NY Slip Op 00851)





People v Ndaula


2018 NY Slip Op 00851


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2013-03839
 (Ind. No. 1721/11)

[*1]The People of the State of New York, respondent,
v
Alexander Ndaula, appellant.


Paul Skip Laisure, New York, NY (Lisa Napoli of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joseph A. Zayas, J.), rendered April 26, 2013, convicting him of attempted enterprise corruption, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert an eavesdropping warrant and subsequent extended and amended eavesdropping warrants.
ORDERED that the judgment is affirmed.
The defendant's waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257; People v Callahan, 80 NY2d 273). However, contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to controvert the subject eavesdropping warrant and subsequent extended and amended eavesdropping warrants. The affidavit of the detective submitted in support of the warrant applications made the requisite showing that normal investigative procedures had been tried and failed, or reasonably appeared to be unlikely to succeed if tried, or were too dangerous to employ, to obtain the evidence sought (see CPL 700.15[4], 700.20[2][d]; People v Rabb, 16 NY3d 145, 153; People v Castillo, 122 AD3d 516; People v Giraldo, 270 AD2d 97). There is no requirement that the police exhaust all conceivable investigative techniques before resorting to electronic surveillance, or that they resort to measures that will clearly be unproductive (see People v Rabb, 16 NY3d at 153). Accordingly, the subject eavesdropping warrant, and subsequent amended and extended eavesdropping warrants, were properly issued.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court