■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD H. LAWRENCE, Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Schenectady County, rendered June 12, 1968, convicting defendant on his pleas of guilty of feloniously possessing a narcotic drug and of violating section 1141 of the former Penal Law. On August 30, 1967, pursuant to a search warrant issued by a Justice of the Supreme Court, a police officer entered the residence of the defendant and, upon searching the premises, seized and took possession of a quantity of marijuana, several marijuana plants, several motion picture films and other items. The defendant was thereafter arrested and indicted for the crimes of possession of marijuana with intent to sell, a felony; possession of marijuana, a felony; growing of narcotic plants known as marijuana without a license, a misdemeanor; and possession of obscene, lewd and indecent motion picture films in violation of section 1141 of the former Penal Law, a misdemeanor. The defendant moved in the County Court, Schenectady County, for an order suppressing the evidence seized at his residence, and the motion was denied. Thereafter, he pleaded guilty to the second and fourth

counts of the indictment in satisfaction of all the counts charged therein. The main question raised on this appeal is whether the underlying affidavit presented to the court for the issuance of the search warrant was sufficient to establish probable cause for the issuance of the search warrant. Section 793 of the Code of Criminal Procedure reads: "A search warrant cannot be issued, but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched." The affidavit in support of the search warrant herein, was made by a police officer and recited information obtained from a confidential informant and the results of an investigation conducted by the police officer. The defendant contends that the hearsay information from the confidential informant cannot be used in support of the warrant since there are no facts and circumstances in the affidavit that would indicate that the informant was reliable and credible, and that the affidavit was totally lacking in independent corroboration. An affidavit in support of a search warrant may be based on hearsay information and need not reflect the personal observations of the affiant police officer, and may show probable cause by communications received from an informer, as long as the information related is substantiated by either the character and reputation of the informer, or by a separate objective checking of the story he tells. (*People* v. *Coffey*, 12 N Y 2d 443, cert. den. 376 U. S. 916; *People* v. *Schnitzler*, 18 N Y 2d 457; *People* v. *Malinsky*, 15 N Y 2d 86; *Aguilar* v. *Texas*, 378 U. S. 108; *Riggan* v. *Virginia*, 384 U. S. 152.) As to when probable cause exists, the Court of Appeals, in *People* v. *Marshall* (13 N Y 2d 28, 34–35), stated: "Probable cause exists when there is reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched (*Carroll* v. *United States*, 267 U. S. 132; *Dumbra* v. *United States*, 268 U. S. 435; *Aderhold* v. *United States*, 132 F. 2d 858). It is not a matter for technical rules or tight and exact definition. The question always is: what in the common judgment of reasonable men would be regarded as good, sound cause, remembering that we seek only probable, not absolute cause? * * * Whether probable cause is present in a particular case must be determined from the facts of that case (*United States* v. *Ramirez*, 279 F. 2d 712, 714, cert. den. 364 U. S. 850)." The search warrant was directed to "premises known as Box 261A, Mariaville Road and 1790 Altamont Avenue, the Dairy Isle, both in the Town of Rotterdam, County of Schenectady, New York". The former was defendant's residence and the latter his place of business. The affidavit of the police officer, in support of the search warrant, stated that he had been informed by a "confidential informant" that the defendant was dealing in narcotics illegally and that he possessed large quantities of marijuana and grew marijuana plants at his home; that other men went to his residence to smoke marijuana cigarettes; that he also operated the Dairy Isle at 1790 Altamont Avenue; that the affiant on August 8, 1967 observed nine men after closing hours, meet in the rear of the business; that defendant's step-son, who lives with him, was with the other men who left in two vehicles from the State of Connecticut; that the affiant checked defendant's telephone records and found that many long distance telephone calls were being made within and without the state; that, on August 22, 1967, affiant observed the step-son discard three foil containers near the Dairy Isle which were retrieved and analyzed and found to contain marijuana; that, on August 27, 1967, the informant told the police officer that a party would take place at defendant's residence, and thereafter the affiant had the residence observed by another police officer who reported that a party "appeared to have taken place and the license numbers were from the State of Con-

necticut" and that one of the license numbers corresponded to a license number of a Connecticut vehicle observed on August 8. The affidavit involved here merely refers to a "confidential informant", but there is absent any statement as to the informer's reliability, or facts relative to the informant, which would support reliance upon the information supplied by him. The record reveals no basis at all for sustaining a belief by the affiant or the court that the informer was reliable. The issuance of the search warrant to be sustained, therefore, must be based on the statements in the affidavit relative to the objective checking carried out by the affiant. The police officer's separate checking reveals no facts related to the defendant that would cause suspicion that he was violating the law at either place directed to be searched. The two separate meetings with men operating motor vehicles with Connecticut license plates, and the long distance telephone calls do not indicate any criminal activity. The one isolated incident involving the defendant's step-son and the foil containers which might cause suspicion as to the step-son's activity is not enough to support a search of the defendant's premises. In our opinion the statements in the affidavit did not show that the police officer had facts sufficient to indicate that the anonymous informer was reliable, or that the police officer had other adequate supporting facts to meet the test of probable cause for the issuance of the search warrant. Since the facts stated in the supporting affidavit failed to meet the required standards, the judgment should be reversed, and the motion to suppress granted. (*People v. Fino,* 14 N Y 2d 160.) Even if we assume that the affidavit states sufficient facts to authorize the issuance of a search warrant for one of the two places directed to be searched, if the affidavit is insufficient as to the other, it is insufficient as to both. "When the cause shown does not cover as broad an area as the command to search" then the warrant is invalid. (*United States v. Hinton,* 219 F. 2d 324, 327.) "For purposes of satisfying the State and Federal constitutional requirements, the searching of two or more residential apartments in the same building is no different from searching two or more separate residential houses. Probable cause must be shown in each instance." (*People v. Rainey,* 14 N Y 2d 35, 37.) We do not believe that the affidavit here meets the test of sufficiency as to both places named in the search warrant and this failure is, therefore, a further ground for reversal. Judgment reversed, on the law and the facts; the order denying the motion to suppress certain evidence reversed, motion granted, and a new trial ordered. Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J. Gibson, P. J. and Herlihy, J., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). A search warrant permits of an invasion of the person or property without which such invasion would be unlawful and a violation of constitutional protection. Therefore, to justify the issuance of such a warrant there must be a showing of "probable cause" which, in essence, means protection against a general search or in more pragmatic terms "a fishing expedition.". The affidavits in support of the motion must sufficiently show the source, the facts and the circumstances which constituted the basis for a finding by the issuing Magistrate of such "probable cause". The question before the court is whether there is a sufficient showing by affidavit of probable cause to justify the issuance of the warrant within the constitutional limitations. It is my opinion that the affidavit in support of the application for the issuance of a search warrant represents the marginal requirements as to sufficiency to sustain "probable cause". When read in its entirety it is sufficient and it is self-evident that the affiant, if deemed necessary, could have considerably elaborated upon the various activities of the defendant and upon his own personal investigation.

He apparently was satisfied that the contents of the affidavit met the required standards, which likewise satisfied the issuing Magistrate, a Justice of the Supreme Court. The reliability and credibility of the informant can be spelled out from the affidavit. In the instant circumstances there was a report of men going to Lawrence's residence and business location, which was verified by the affiant in his "stake out" and the additional information that on August 27 a party was to take place at Lawrence's home at a designated address, which proved to be the fact. The separate objective check of the story of the informant is substantiated by the investigation itself and the "stake out" of the affiant and his investigators. The recovery of the discarded foil containers and the subsequent laboratory analysis as found by the County Judge is the "clincher to such confirmation or corroboration". Upon all the evidence the issuing Magistrate could reasonably determine that probable cause existed for a warrant to issue. (See *People* v. *Montague,* 19 N Y 2d 121, 125.) As to the seizure of the alleged pornographic films, art posters and sundry items, *People* v. *Baker* [decided Nov. 1968] (23 N Y 2d 307) is not applicable to the factual situation herein. The present record does not show, as to the seizure, any facts which could be considered unlawful or violative of the search warrant. The judgment should be affirmed.