■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS G. DOEPEL, Appellant, v. DANIEL McMANN, as Warden of Auburn State Prison. Respondent.— Judgment unanimously affirmed. (See *People* v. *Nicholson,* 11 N Y 2d 1067.) (Appeal from judgment of Cayuga County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT RALPH MASTERS, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Order entered December 13, 1967, denying motion to suppress, unanimously reversed and motion granted. Memorandum: In May, 1967 a Richland Town Justice signed a warrant authorizing a search for parts of a Corvette automobile " and other stolen car parts located in the cellar of house owned by Elson S(t)alls ", the warrant further describing Salls' premises as a " frame ranch style house and cellar and also a barn located to the rear of this house ". The stolen car parts of which defendant was convicted of having concealed (former Penal Law, § 1308), were not located in the cellar of the house but in a barn not on the Salls' property, but on premises owned by one McCowly. The supporting affidavits upon which the warrant was issued were made by a police investigator who stated the car parts were in the cellar of the house, and by Salls who stated he saw the car parts put in a barn by defendant some two years prior to the execution of the affidavit. Upon the suppression hearing Salls testified this was not so and that he did not know who placed any parts in the McCowly barn. To authorize a search of the barn on the information described in the supporting affidavits is merely to permit an unjustified " fishing expedition " criticized and proscribed in *People* v. *Rainey* (14 N Y 2d 35). (See, also, *People* v. *Lawrence,* 31 A D 2d 712.) In addition, the warrant was defective for lack of particularization of the property to be seized (*People* v. *Hughes,* 31 A D 2d 235); and does not comply with the requirements of section 793 of the Code of Criminal Procedure. For these reasons defendant's motion to suppress the seized items should have been granted. The record fails to establish defendant's possession of the car parts in May 1967 nor, in fact, is there any proof that he had access to the barn or that he placed the parts in the barn at any time. (Cf. *People* v. *Leavitt,* 301 N. Y. 113.) (Appeal from judgment of Oswego County Court convicting defendant of receiving, etc., stolen property.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.