■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL PEREZ, Appellant. [747 NYS2d 654] —Appeal from a judgment of Erie County Court (Drury, J.), entered June 16, 1999, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and two counts of criminal use of drug paraphernalia in the second degree (§ 220.50 [2]), defendant contends that County Court erred in denying his motion to suppress physical evidence obtained during the execution of a search warrant on the ground that the search warrant was not issued upon probable cause. We disagree. The court that issued the search warrant heard the testimony of a confidential informant detailing his controlled buy of cocaine at defendant's residence. In addition, the warrant application included the affidavit of a police officer who conducted surveillance of the residence on the date of the controlled buy and on other occasions and who observed activity at the residence consistent with its use for the sale of drugs. The confidential informant's testimony and the police officer's affidavit established probable cause to believe that cocaine would be found at the residence (*see People v Middleton,* 283 AD2d 663, 665, *lv denied* 96 NY2d 922; *People v Rodriguez,* 226 AD2d 1102, *lv denied* 88 NY2d 941; *see also People v Joshua,* 286 AD2d 343, 344, *lv denied* 97 NY2d 706; *People v Abron,* 278 AD2d 919, *lv denied* 96 NY2d 797). Nor is there merit to defendant's contention that the verdict is against the weight of the evidence because "the evidence overwhelmingly establishes defendant's actual or constructive possession of the drugs [and drug paraphernalia]" (*People v Christian,* 248 AD2d 960, 961, *lv denied* 91 NY2d 1006; *see People v Morales,* 248 AD2d 731, 732, *lv denied* 92 NY2d 902; *see generally People v Bleakley,* 69 NY2d 490, 495). We further conclude that the sentence is neither unduly harsh nor severe.

Contrary to the contention of defendant in his pro se supplemental brief, the court's *Ventimiglia* rulings were proper. The evidence obtained from the police surveillance of defendant's residence prior to the date of the charged crimes and the cocaine residue discovered on one of the scales seized from defendant's residence were relevant to the issue of intent to sell (*cf. People v Maldonado,* 220 AD2d 212, 212-213, *lv denied* 87 NY2d 904; *People v Mosiurchak,* 157 AD2d 1023, 1025-1026, *lv denied* 75 NY2d 968). Further, the testimony of one police officer that his office would initiate investigations of suspected drug houses when it received complaints concerning a particular person or location did not violate the court's pretrial *Ventimiglia* ruling that the People could not introduce evidence of

the civilian complaints that the police received concerning defendant's residence. In any event, any error in the admission of that isolated comment is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant failed to preserve for our review his contentions that he was denied a fair trial by prosecutorial misconduct during summation and that the court erred in its charge to the jury because he failed to object to the alleged misconduct and the jury charge (*see People v Kaufman*, 288 AD2d 895, 896, *lv denied* 97 NY2d 684; *see also People v Folger*, 292 AD2d 841, 842). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.