THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEOTIS MERCER, Appellant. [831 NYS2d 628]—

Appeal from a judgment of the Oneida County Court (Barry

M. Donalty, J.), rendered November 8, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that, because County Court refused to provide him with an unredacted copy of the search warrant application, the court was required to conduct a *Darden* hearing (*People v Darden*, 34 NY2d 177 [1974], *rearg denied* 34 NY2d 995 [1974]; *see generally People v Castillo*, 80 NY2d 578, 582-584 [1992], *cert denied* 507 US 1033 [1993]). We reject that contention. "[I]nformants who previously testified before the Magistrate who issued a warrant need not be produced for a *Darden* hearing, since their existence and statements have already been verified" (*People v Edwards*, 95 NY2d 486, 493 [2000], citing *People v Serrano*, 93 NY2d 73, 76-77 [1999]; *see People v Monk*, 28 AD3d 793 [2006]). Upon our review of the unredacted search warrant application and the transcript of the confidential informant's sworn testimony before the issuing Magistrate, we agree with the court that the existence of the confidential informant was not fabricated (*see Serrano*, 93 NY2d at 77; *Darden*, 34 NY2d at 181-182), and that the testimony of the confidential informant established probable cause to believe that drugs would be found upon a search of defendant's apartment (*see People v Perez*, 298 AD2d 935, 936 [2002], *lv denied* 99 NY2d 562 [2002]; *People v McLaughlin*, 269 AD2d 858 [2000], *lv denied* 95 NY2d 800 [2000]). Finally, we have reviewed the contentions raised by defendant in his pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Martoche, Centra and Pine, JJ.