# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

95

KA 12-00870

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                          MEMORANDUM AND ORDER

MICHAEL ANTHONY HOLMES, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR APPELLANT.

PETER J. GLENNON, ROCHESTER, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), dated March 26, 2012. The order granted the motion of defendant to suppress evidence.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion to suppress the firearm is denied and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: The People appeal from an order granting defendant's motion to suppress a handgun seized by the police during a search of his motor vehicle. We agree with the People that Supreme Court erred in granting the motion. The evidence adduced at the suppression hearing established that an identified citizen called 911 and reported that she witnessed a man being forced at gunpoint into a brown Ford Explorer near the intersection of Brooks Avenue and Genesee Street in the City of Rochester. A dispatch with that information was then broadcast over the police radio. Within minutes of hearing the dispatch, a police officer observed a brown Ford Explorer on Genesee Street approximately one quarter of a mile from Brooks Avenue. The officer further observed that the Ford Explorer was being followed by a vehicle whose driver, later identified as the person who called 911, was waving her hand outside the window and yelling, "That's them, that's them," while pointing at the Ford Explorer.

The officer proceeded to stop the Ford Explorer and ordered its three occupants out of the vehicle. Defendant was the driver, and it was determined by another officer at the scene that his driver's license had been suspended. Defendant was therefore charged with aggravated unlicensed operation of a motor vehicle in the second degree, a misdemeanor, along with unlicensed operation of a motor vehicle, a traffic infraction. At the scene, the woman who called 911 informed the police that the person who had been abducted was her

boyfriend, and that she had seen one of the other two occupants of the Ford Explorer put what appeared to be a gun to her boyfriend's head and force him into the vehicle. The police decided to tow the vehicle, and before doing so an officer searched the vehicle and found a loaded firearm secreted near the center console in the front seat. Defendant and his codefendant were charged with criminal possession of a weapon in the second degree, and the codefendant also was charged with kidnapping in the second degree.

Following indictment, defendant moved to suppress the firearm seized by the police, contending that the search of the vehicle was unlawful. In their responding papers, the People argued that the search was lawful because the police had probable cause to believe that defendant had committed a crime. Following the hearing, defense counsel did not dispute that the police lawfully stopped the vehicle defendant was driving or that defendant was lawfully arrested. Defense counsel argued, however, that the police conducted an unlawful inventory search of the vehicle. The People responded that the search was a lawful inventory search and that, in any event, it was supported by probable cause to believe that defendant had committed a crime. The court granted defendant's motion and suppressed the firearm. We now reverse.

It is well settled that, " 'where police have validly arrested an occupant of an automobile, and they have reason to believe that [it] may contain evidence related to the crime for which the occupant was arrested *or that a weapon may be discovered* or a means of escape thwarted, they may contemporaneously search the passenger compartment, including any containers found therein' " (*People v Blasich*, 73 NY2d 673, 678-679, quoting *People v Belton*, 55 NY2d 49, 55, *rearg denied* 56 NY2d 646 [emphasis added]; *see People v Galak*, 81 NY2d 463, 467).

Here, as noted, there is no dispute that defendant was lawfully stopped and arrested. Rather, the issue before us is whether the police lawfully searched the vehicle defendant was driving. Even assuming, without deciding, that the police did not conduct a lawful inventory search, we conclude that a search was authorized because the police had probable cause to believe that a gun was inside the vehicle. Probable cause arose from the information provided to the police by the identified citizen informant, who stated that she observed one of the occupants of defendant's vehicle in possession of what appeared to be a handgun used in the abduction of her boyfriend. "An identified citizen informant is presumed to be personally reliable" (*People v Parris*, 83 NY2d 342, 350; *see People v Van Every*, 1 AD3d 977, 978, *lv denied* 1 NY3d 602) and, here, the informant had a sufficient basis of knowledge inasmuch as she personally observed the weapon in question (*see generally People v Rodriguez*, 52 NY2d 483, 491).

Entered: March 21, 2014                           Frances E. Cafarell
                                                  Clerk of the Court