# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**113**

**KA 14-01610**

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

TAVARIS MOXLEY, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE YOON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), dated July 25, 2014. The order granted defendant's motion to suppress tangible evidence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.

Memorandum: The People appeal from an order granting defendant's motion seeking suppression of tangible evidence seized pursuant to a search warrant. On March 10, 2014, a murder was committed in a residence on Grafton Street in Rochester, New York. Police investigation revealed that defendant and the victim's nephew had been driven to the Grafton Street residence on the day of the murder. The police obtained a search warrant to "ping" defendant's cell phone, and it was discovered that defendant's phone appeared to be "at or in the area of 283-285 Lincoln Ave[nue]" from March 12, 2014 to March 14, 2014. Further investigation revealed that defendant was observed meeting with persons in vehicles in the driveway of 285 Lincoln Avenue for not more than five minutes at a time. However, no one was observed entering or leaving the dwelling at 285 Lincoln Avenue. The police further learned that the utilities for the 285 Lincoln Avenue residence were not registered in defendant's name. Defendant was, however, a Facebook "friend" of the person to whom the utilities were registered. Based upon the above information, inter alia, the police applied for a search warrant for 285 Lincoln Avenue. County Court (Piampiano, J.) determined that there was "probable cause for believing that the property described [in the warrant] is evidence of a crime of Murder . . . and Criminal Possession of a Weapon." The search warrant authorized the police to search 285 Lincoln Avenue and its curtilage in order to find and seize: blood-related evidence; "a black knit hat, black sweat pants, grey hoodie, and black boots"; and defendant's cell phone and the contents of that cell phone. When the

search warrant was executed, two unrelated handguns and more than 16 ounces of marihuana were recovered from 285 Lincoln Avenue. Defendant was indicted by a grand jury and charged with two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]), and one count of criminal possession of marihuana in the second degree
(§ 221.25). Following a suppression hearing, Supreme Court (Renzi, J.) granted defendant's motion. We affirm and dismiss the indictment.

We reject the People's contention that there was reasonable cause to believe defendant possessed evidence or contraband relating to the Grafton Street murder and reasonable cause to believe that the evidence or contraband would be located at 285 Lincoln Avenue. It is well settled that a search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur (*see generally People v Mercado*, 68 NY2d 874, 875-876, *cert denied* 479 US 1095), and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched (*see People v Bigelow*, 66 NY2d 417, 423). Here, we conclude that the Supreme Court properly determined that the application for the search warrant contained no specific factual allegations that tied the location of 285 Lincoln Avenue to the evidence sought to be seized; failed to establish any dominion and control of 285 Lincoln Avenue by defendant; and failed to tie defendant to the Grafton Street murder, or to his possession of evidence or contraband pertaining to that murder (*see generally People v Masters*, 33 AD2d 637, 637; *People v Lawrence*, 31 AD2d 712, 713-714).

In light of our determination, "the indictment must be dismissed [inasmuch as] the unsuccessful appeal by the People precludes all further prosecution of defendant for the charges contained in the accusatory instrument" (*People v Felton*, 171 AD2d 1034, 1034, *affd* 78 NY2d 1063; *see* CPL 450.50 [2]).

Entered: March 25, 2016                          Frances E. Cafarell
                                                 Clerk of the Court