People v Pitcher (2021 NY Slip Op 06526)





People v Pitcher


2021 NY Slip Op 06526


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1014 KA 20-01516

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
AMBER S. PITCHER, DEFENDANT-RESPONDENT. 






KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR APPELLANT.


 Appeal from an order of the Jefferson County Court (David A. Renzi, J.), entered September 30, 2020. The order granted that part of defendant's omnibus motion seeking to suppress the tangible evidence seized from her residence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking suppression of tangible evidence seized pursuant to a search warrant. Contrary to the People's contention, County Court properly concluded that the warrant was not based on probable cause. "It is well settled that a search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur" (People v Moxley, 137 AD3d 1655, 1656 [4th Dept 2016]; see generally People v Mercado, 68 NY2d 874, 875-876 [1986], cert denied 479 US 1095 [1987]), and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched (see People v Bigelow, 66 NY2d 417, 423 [1985]). "[P]robable cause may be supplied, in whole or in part, [by] hearsay information, provided [that] it satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (People v Flowers, 59 AD3d 1141, 1142 [4th Dept 2009] [internal quotation marks omitted]). Furthermore, when reviewing a search warrant to determine whether it was supported by probable cause, "the critical facts and circumstances for the reviewing court are those which were made known to the issuing Magistrate at the time the warrant application was determined" (People v Nieves, 36 NY2d 396, 402 [1975]).
Here, the majority of the information provided in support of the warrant application was in an affidavit prepared by a detective, and that affidavit "does not 'permit a reasonable inference that it was based upon [the detective]'s personal knowledge' " (People v Bartholomew, 132 AD3d 1279, 1281 [4th Dept 2015]; cf. People v Perez, 298 AD2d 935, 936 [4th Dept 2002], lv denied 99 NY2d 562 [2002]). Additionally, with respect to the parts of the warrant application that were based on hearsay information, the application failed to meet the Aguilar-Spinelli test with respect to the sources of that information. Although the detective indicated that he obtained some of that hearsay information from other officers, he did not name the officers and they did not provide affidavits or any basis for their knowledge, thus that information was not sufficiently reliable (see People v Augustus, 163 AD3d 981, 982-983 [2d Dept 2018]; cf. People v Slater, 141 AD3d 677, 677-678 [2d Dept 2016], lv denied 28 NY3d 1031 [2016]; People v Williams, 127 AD3d 612, 612 [1st Dept 2015], lv denied 27 NY3d 1009 [2016]). Other hearsay information was purportedly received from two confidential informants, but it is well settled that, "once an appropriate challenge by the defense has been raised, the People are required to produce the police informant for an in camera inquiry unless they can demonstrate that the informant is unavailable and cannot be produced through the exercise of due diligence" (People v Adrion, 82 NY2d 628, 634 [1993]; see generally People v Edwards, 95 NY2d 486, 493 [2000]). Here, after [*2]defendant raised the requisite challenge, those two informants did not appear to testify at a Darden hearing (cf. People v Steinmetz, 177 AD3d 1292, 1293 [4th Dept 2019], lv denied 34 NY3d 1133 [2020]; People v Mercer, 38 AD3d 1367, 1368 [4th Dept 2007], lv denied 9 NY3d 879 [2007]), and the People failed to make "a threshold showing that the informant[s are] 'unavailable and cannot be produced through the exercise of due diligence' " (People v Givans, 170 AD3d 1638, 1640 [4th Dept 2019]; see generally Adrion, 82 NY2d at 634). The People therefore failed to establish the basis of the information allegedly provided by those informants. Contrary to the People's further contention, although a third confidential informant who submitted an affidavit in support of the warrant testified at the Darden hearing, the information that informant provided did not establish the requisite probable cause to support the warrant (cf. People v Middleton, 283 AD2d 663, 665 [3d Dept 2001]).
Additionally, although the People are correct that the court erred in referencing CPL 120.10 (2) during its analysis of the evidence submitted in support of the warrant, rather than CPL 690.15, that error did not affect the court's determination that some of the evidence submitted in support of the warrant was inadmissible and that, viewed as a whole, it failed to provide probable cause to issue the warrant.
We have considered the People's remaining contentions, and we conclude that none warrants reversal or modification of the order.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court