People v Conway (2023 NY Slip Op 04043)

People v Conway

2023 NY Slip Op 04043

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

492 KA 22-01491

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
SHAWN CONWAY, DEFENDANT-RESPONDENT. 

JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (ERIK D. BENTLEY OF COUNSEL), FOR APPELLANT.
NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (HEATHER R. BURLEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Chautauqua County Court (David W. Foley, J.), dated June 27, 2022. The order granted that part of defendant's omnibus motion seeking suppression of tangible evidence seized pursuant to a search warrant. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress tangible evidence is denied, and the matter is remitted to Chautauqua County Court for further proceedings on the indictment.
Memorandum: The People appeal pursuant to CPL 450.20 (8) from an order granting that part of defendant's omnibus motion seeking suppression of tangible evidence seized pursuant to a search warrant. The record establishes that a police officer assigned as an investigator to a regional drug task force submitted a search warrant application to a town justice seeking authorization to search a specified room at a hotel that was occupied by defendant. In sum, the investigator averred that there was probable cause to believe that evidence of a drug crime, including methamphetamine, cocaine, and drug paraphernalia, would be found at the subject location based on, inter alia, the task force's month-long investigation of narcotics sales at the hotel and information from a particular confidential informant (CI) who had recently made observations of various drugs inside the hotel room and reported that defendant was selling certain drugs there. To establish the veracity of the CI, the investigator also averred regarding the nature of the CI's past collaborations with the police. After the town justice signed the search warrant, the police executed it and seized, among other things, methamphetamine, cocaine, fentanyl, nearly $600 in cash, multiple digital scales and cell phones, and boxes of packaging material.
Defendant was subsequently charged by indictment with criminal possession of a controlled substance in the second degree (Penal Law
§ 220.18 [2]) and criminal possession of a controlled substance in the third degree (§ 220.16 [7]). In his omnibus motion, defendant sought suppression of the tangible evidence seized upon execution of the search warrant on the ground that the search warrant application failed to establish the CI's veracity and basis of knowledge. Defendant also requested a Darden hearing to confirm the existence of the CI. The People opposed that part of the omnibus motion on the ground that the search warrant application satisfied the Aguilar-Spinelli test, but they consented to a Darden hearing.
County Court, without conducting a hearing, granted that part of defendant's omnibus motion seeking suppression of the tangible evidence. The court first determined that the basis of knowledge component of the Aguilar-Spinelli test was met by the CI's observations in the hotel room. The court further determined, however, that the veracity component of the test had not been satisfied. The court reasoned that, although the investigator minimally recited the CI's track record of reliability, the remainder of the application consisted of conclusory statements that the [*2]investigator and other officers had been investigating the narcotics operation for approximately one month, and did not provide details of any direct observations made by law enforcement officers during the investigation. The court rejected the People's contention that the CI's track record of reliability was enough on its own to satisfy the veracity prong. According to the court, the People's position was inconsistent with People v DiFalco (80 NY2d 693 [1993]). The court concluded that the information provided by the CI failed to meet the Aguilar-Spinelli test and therefore that the search warrant was not supported by probable cause.
The People now contend on appeal that, contrary to the court's determinations, the information in the search warrant application satisfied the veracity component of the Aguilar-Spinelli test because it sufficiently established the CI's track record of reliability, and independent corroboration of the information provided by the CI was not required in this case. We agree.
It is well settled that a search warrant may be issued only "upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur" (People v Moxley, 137 AD3d 1655, 1656 [4th Dept 2016]; see generally People v Mercado, 68 NY2d 874, 875-876 [1986], cert denied 479 US 1095 [1987]) and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched (see People v Bigelow, 66 NY2d 417, 423 [1985]; People v Pitcher, 199 AD3d 1493, 1493 [4th Dept 2021]). "[P]robable cause may be supplied, in whole or in part, [by] hearsay information, provided [that] it satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (People v Flowers, 59 AD3d 1141, 1142 [4th Dept 2009] [internal quotation marks omitted]; see Pitcher, 199 AD3d at 1493-1494). Consequently, "in evaluating hearsay information[,] the [m]agistrate must find some minimum, reasonable showing that the informant was reliable and had a basis of knowledge" (People v Griminger, 71 NY2d 635, 639 [1988]).
"Only the veracity component of the test is at issue here" (DiFalco, 80 NY2d at 696). That component "concerns the trustworthiness of the person supplying the information and requires the affiant to set forth the reasons which led [the affiant] to conclude that the informer was credible or that [the] information was reliable" (People v Hanlon, 36 NY2d 549, 556 [1975]). The veracity component thus "relates to the validity of the information and requires a showing either that the informant is credible and that the information supplied may, for that reason, be accepted as true or, in the absence of such showing, that the specific information given is reliable" (DiFalco, 80 NY2d at 696-697). Regarding the "informant credibility" basis for establishing veracity, "the veracity component may be met by showing that the informant was credible because [the informant] had a 'track-record' " (id. at 697 n 2), which refers to the informant's "past performance as a supplier of information" (People v Johnson, 66 NY2d 398, 403 [1985]; see People v Rodriguez, 52 NY2d 483, 489 [1981]).
With respect to judicial review of the validity of search warrants, it is well established that "search warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest"; rather, such applications "must be considered in the clear light of everyday experience and accorded all reasonable inferences" (Hanlon, 36 NY2d at 559; see Griminger, 71 NY2d at 640; People v Hightower, 207 AD3d 1199, 1201 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]). Indeed, "reviewing courts should accord the process proper deference and not defeat search warrants (or discourage law enforcement officials from seeking them) by imposing overly technical requirements or interpreting them incompatibly with common sense" (People v Cahill, 2 NY3d 14, 41 [2003]). In that regard, "[a]pproval by a reviewing magistrate cloaks a search warrant with 'a presumption of validity' " (People v DeProspero, 91 AD3d 39, 44 [4th Dept 2011], affd 20 NY3d 527 [2013], quoting People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]; see People v Socciarelli, 203 AD3d 1556, 1557-1558 [4th Dept 2022], lv denied 38 NY3d 1035 [2022]). "In reviewing the validity of a search warrant to determine whether it was supported by probable cause . . . , the critical facts and circumstances for the reviewing court are those which were made known to the issuing [m]agistrate at the time the warrant application was determined" (People v Nieves, 36 NY2d 396, 402 [1975]; see Pitcher, 199 AD3d at 1494).
Here, regarding the veracity of the CI, the investigator averred in support of the search warrant application that the CI, who had been assigned a particular confidential informant [*3]number, was found to be honest, trustworthy, and reliable based on the CI's past work with the investigator. The investigator specified that prior information supplied by the CI had led to search warrants, one of which led to the arrest of an individual. Additionally, the investigator averred that the CI had performed controlled drug transactions on behalf of law enforcement that had resulted in the arrests of other suspects. Applying the requisite standard of review to the search warrant application, we conclude that "[t]he reliability of the CI was established by the [investigator's] statements that the CI had given credible and accurate information in the past" (People v Colon, 192 AD3d 1567, 1568 [4th Dept 2021], lv denied 37 NY3d 955 [2021]).
In reaching that conclusion, we reject defendant's assertion that information from a registered confidential informant leading to a single prior arrest cannot be indicative of reliability (see People v Walters, 187 AD2d 472, 473 [2d Dept 1992], lv denied 81 NY2d 849 [1993]). Indeed, "[a]pplying a quantitative rather than a qualitative analysis of an informant's reliability places a burden on the police in using confidential informants not contemplated by the standard articulated by the Court of Appeals, of 'some minimum, reasonable showing that the informant was reliable' " (People v Proctor, 155 AD2d 624, 625 [2d Dept 1989], lv denied 75 NY2d 923 [1990], quoting Griminger, 71 NY2d at 639; see Walters, 187 AD2d at 473). Contrary to defendant's related assertion, although information leading to prior arrests and convictions would certainly strengthen an informant's reliability, information leading to search warrants or arrests alone may be considered positively in evaluating the reliability of an informant, along with other indicia (see e.g. Hanlon, 36 NY2d at 554; People v Patterson, 199 AD3d 1072, 1073 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]; People v Stephens, 209 AD2d 999, 999 [4th Dept 1994], lv denied 84 NY2d 1039 [1995]; People v Collier, 89 AD2d 1041, 1042 [3d Dept 1982]). Here, in addition to the prior tip that had led to the issuance of a search warrant and an arrest, the CI had also successfully worked with law enforcement on other narcotics investigations inasmuch as the CI had performed controlled drug transactions that had resulted in the arrests of suspects, which provided further indicia of the CI's reliability (see generally People v Baptista, 130 AD3d 1541, 1542 [4th Dept 2015], lv denied 27 NY3d 991 [2016]; Flowers, 59 AD3d at 1142; People v Johnson, 237 AD2d 916, 917 [4th Dept 1997], lv denied 90 NY2d 859 [1997]).
Defendant questions the lack of detail provided about the prior arrests that resulted from the CI's collaborations with the police, and contends that the investigator's "representations lacked sufficient specificity because no details were provided as to the legality of the arrests, whether evidence was seized and whether prosecutions resulted from them" (People v Calise, 256 AD2d 64, 66 [1st Dept 1998], lv denied 93 NY2d 851 [1999]). We reject that contention. Instead, "[a]ll that is required is a sworn statement by the applicant regarding a 'verified history of success with this informant' . . . , and that is exactly what occurred here" (id.).
The court recognized that the investigator had made some minimum, reasonable showing of the CI's track record of reliability, but nonetheless determined that, in light of "the holding of DiFalco," the veracity component of the Aguilar-Spinelli test had not been satisfied because the application did not include any independent corroboration of the CI's information through investigation and direct observations by the police. That was error inasmuch as DiFalco states that the veracity component "requires a showing either that the informant is credible and that the information supplied may, for that reason, be accepted as true or, in the absence of such showing, that the specific information given is reliable" (80 NY2d at 696-697). Here, for the reasons previously set forth, we conclude that "the [CI's] track record alone provided a sufficient basis for the issuing [town justice's] determination of reliability" (Calise, 256 AD2d at 66).
Based on the foregoing, we reverse the order, deny that part of the omnibus motion seeking suppression of tangible evidence, and remit the matter to County Court for further proceedings on the indictment. We note that, upon remittal, defendant should be allowed to renew that part of his omnibus motion seeking a Darden hearing to challenge the existence of the CI (see People v Scavone, 59 AD2d 62, 66 [3d Dept 1977]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court