People v Schledorn (2025 NY Slip Op 04405)

People v Schledorn

2025 NY Slip Op 04405

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

550 KA 24-00067

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER J. SCHLEDORN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered November 15, 2023. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that the search warrant application did not supply the requisite probable cause for the issuance of the search warrant. We affirm in appeal No. 1.
In appeal No. 2, defendant appeals from a resentence. We dismiss the appeal from the resentence in appeal No. 2 inasmuch as defendant raises no contentions with respect thereto (see People v Swem, 182 AD3d 1050, 1051 [4th Dept 2020]).
With respect to appeal No. 1, it is well settled that a search warrant may be properly issued "only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur" (People v Moxley, 137 AD3d 1655, 1656 [4th Dept 2016]; see generally People v Mercado, 68 NY2d 874, 875-876 [1986], cert denied 479 US 1095 [1987]) and "where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched" (Moxley, 137 AD3d at 1656; see People v Bigelow, 66 NY2d 417, 423 [1985]; People v Pitcher, 199 AD3d 1493, 1493 [4th Dept 2021]). We note that the sworn statement in the search warrant application was provided by an identified citizen, i.e., a resident of the home to which police and emergency personnel were responding to a report of a drug overdose. "An identified citizen informant is presumed to be personally reliable" (People v Parris, 83 NY2d 342, 350 [1994]), and the application established that the citizen possessed the requisite basis of knowledge for the information she provided (see Bigelow, 66 NY2d at 423; People v Holmes, 115 AD3d 1179, 1180-1181 [4th Dept 2014], lv denied 23 NY3d 1038 [2014]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court